UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | Case Number: 20-mj-227 |
| ADAM HAGEMAN, : | |
| : | Detention Hearing: November 17, 2020 |
| Defendant. : | |

GOVERNMENT'S MEMORANDUM IN SUPPORT OF
PRETRIAL DETENTION OF DEFENDANT ADAM HAGEMAN

    In the spring of 2020, defendant Adam Hageman joined a group devoted to trading child pornography and discussing sexually abusing children. There were 17 other members, several of which boasted about actively producing child pornography of children they had access to and then shared that content with the group. Not only did Hageman encourage others in the group to rape children and solicited them to share child pornography, but he also discussed his own sexual fantasies about children, expressing how much he was looking forward to the pandemic being over so that he could go to restaurants and parks and display his penis to kids. Hageman also said the youngest child he had had was 15 years old. And, he said he needed to start "crossing fantasies off his list," asking for someone to find a dad with a young child they would be willing to "rent" out to the group. Hageman is a danger to the community and should be detained pending trial in this case.

    The Government moves for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A). Hageman has been charged by criminal complaint in the District of Columbia with one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2). This is a crime of violence, and there is a presumption of Hageman's dangerousness. Under the factors outlined in 18 U.S.C. §

1

3142(g), there are no condition or combination of conditions that will reasonably assure the safety of any person and the community or Hageman's presence in court if he is released.

## FACTUAL BACKGROUND

Hageman is currently under investigation in two different jurisdictions for sharing, receiving, and possessing child pornography.  HSI Arizona started investigating a group on a particular website (hereinafter Application A) in June of 2020.[1]  Agents quickly learned that several members of this group had sexually abused children.  After several search warrants, they recovered chat conversations from this group and discovered that there were 18 members.  One of those members, defendant Adam Hageman, resided in Arizona until May of 2020, after which he moved to the District of Columbia.  He was active in the group in both locations.  One of Hageman's coconspirators admitted inviting him to the group and shared his Instagram page with law enforcement.  Hageman's display name in the group was "Adam," and his username was "@adhagem."  After observing Hageman's Instagram profile picture, agents discovered his LinkedIn profile, which showed his employment in Arizona and his subsequent move to the District of Columbia.  After learning from the LinkedIn profile that Hageman worked for the Department of Commerce, law enforcement contacted the Department, learning that Hageman's date of birth was in 1995 and his reported residence in D.C.

In reviewing the chat, agents observed that Hageman was an active participant, often soliciting child pornography or commenting on it.  For example, he told the group his age preference was children ages 12 to 16 years old.  And, when a group member posted a photo depicting minor boys on a soccer team that he coached, Hageman stated, "I want those kids," and

---

[1] The actual name of Application A is known to law enforcement but not revealed here to protect the integrity of the ongoing investigation.

identified the specific child in the group that he most desired. On April 9, 2020, Hageman asked, "where's all your young vids." After another group member posted a video of an adult male anally raping a small child, Hageman commented, "Fuckkkkkkkkkk yes. More!!!!!!! I've seen that ginger one before. Very hot. Feel free to send whatever you have. I want to cum to them." The group member responded to Hageman's request by sharing three additional videos of child pornography. In June of 2020, after a group member shared that he wanted to "pound" his cousin's 13-year old minor male friend, Hageman encouraged him to "do it." The group member then sent a photo of himself next to this child. Hageman directed him, "take your cock out" and "start adjusting yourself and move into playing with it a bit through your pants." Several days later, on June 8, Hageman asked group members to "find a dad with a young kid he will rent out to us" so that he "could start crossing fantasies off his list."

Hageman also shared with the group that he was frustrated by the pandemic because it was limiting his ability to see children at urinals in restaurants and parks. He stated that he would stand back from the urinals with his penis out so that the kids would look at his penis. He said that he wanted to at some point, when he had their attention, rub his penis to the point of ejaculation in front of these kids. Also during the chat, Hageman shared a video that he said was of a minor child and appears to be child pornography. And, Hageman invited at least one other person who he knew to be interested in child pornography and bestiality to the chat. Along with numerous child pornography files shared within the chat, a group member also shared at least three files depicting the sexual assault of animals.

On November 13, 2020, Homeland Security executed a search warrant at Hageman's residence in the District of Columbia. Hageman was present during the search. He voluntarily unlocked his cellular phone and provided the password to an image vault where he said he had

stored child pornography. The phone contained at least 33 videos that appear to contain sexually explicit depictions of children, including of prepubescent children. Some of the videos were downloaded in October of 2020. Hageman said that he had been accessing and saving child pornography as recently as the day before the search warrant. He admitted to being Adam on Application A and to accessing and obtaining child pornography from that site.

## APPLICABLE LEGAL STANDARD

The Bail Reform Act permits a judicial officer to hold an individual without bond pending trial if the officer finds clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3142(f)(1)(A), the judicial officer shall hold a hearing on the question of detention upon the motion of the government in a case that involves a crime of violence. A crime of violence is defined to include any felony under Chapter 110 or Chapter 117. 18 U.S.C. § 3156(a)(4)(C).

The crime of receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), is a felony offense under Chapters 110, and, as such, a crimes of violence that under 18 U.S.C. § 3142(e)(3)(E) create a rebuttable presumption that the defendant constitutes a danger to the community, and that no pretrial release condition or combination of conditions may be imposed to ensure the safety of any other person and the community. This presumption "operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985).

In determining whether the defendant has overcome that presumption, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the

weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Even when the defendant has offered evidence to rebut the presumption of dangerousness, the presumption remains a factor in the court's analysis of the § 3142(g) factors. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1983) ("Use of that word [rebutted] in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."). As the Sixth Circuit has observed, "[t]he presumption [of dangerousness] remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010) ("To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm.'").

## ANALYSIS

For the reasons that follow, the Government submits that there are no condition or combination of conditions that will reasonably assure the safety of any other person and the community or Hageman's appearance in court if he is released.

### A.   Nature and Circumstances of the Charged Offense

The nature and circumstances of this offense demonstrate Hageman's dangerousness. Not only did he collect child pornography, but Hageman engaged with other like-minded individuals. The other group members he conspired with were committing hands-on offenses and boasting about those offenses. Moreover, they were sharing images of children that they had access to and

discussing hurting those children. And, Hageman himself did more than just trade child pornography. He solicited it from the group and commented on his own self-gratification while watching these videos of little kids (including infants) being raped. Worse still, Hageman encouraged other group members to sexually assault children, expressed his sexual desire for a child, said that he had sex with a 15-year old, and stated that he wanted to "start crossing fantasies off his list," asking for a father with a young child so that the group could "rent" the child. Moreover, Hageman described in great deal his disappointment that the pandemic was preventing him from going to restaurants and parks where he would be able to show his penis to children at urinals. The nature and circumstances of the offense warrant detention.

### B. The Weight of the Evidence Against the Defendant

The weight of the evidence is strong and favors detention. Hageman has admitted to being on Application A, to trading child pornography, and to saving and downloading child pornography. Moreover, he opened a phone and provided a password for an image vault that contained multiple videos that meet the federal definition of child pornography. And, agents recovered numerous child pornography videos and/or images from Application A, several of which Hageman commented on using a portion of his real name as his username. Moreover, details Hageman provided in the Application A chat, including his age and the fact that he was moving to D.C. are consistent with information provided by the Department of Commerce as to Hageman's employment as well as information publicly available on his LinkedIn account.

### C. The History and Characteristics of the Defendant

Hageman does not have any criminal history and has a supportive family. However, Hageman's criminal conduct here was not a spontaneous decision made in a moment of weakness. He made the decision day in and day out to access, share, and receive child

pornography and got invited to an "elite" group of pedophiles, some of whom were actively sexually abusing children. He faces a mandatory minimum of five years and a maximum of twenty years' imprisonment, along with potential charges for advertisement and distribution of child pornography in another district in which the penalties appear to be even higher.

### D. The Nature and Seriousness of the Danger to Any Person or the Community

Hageman's release would put the public and children everywhere at-risk. Every red flag has been raised when it comes to his behavior. It would be troublesome enough if Hageman simply had accessed and viewed sexually explicit depictions of young children being brutally raped. But, here Hageman's conduct goes far beyond that. He communicated with a group of like-minded individuals, encouraged one or more of them to sexually abuse children, expressed his desire to abuse children, and described possible ways he could get access to children. Moreover, at a time when children are perhaps more at-risk than ever before, Hageman explained his plans to target them at restaurants and parks.

## CONCLUSION

There are no condition or combination of conditions that would ensure the safety of the community if Hageman were released.

        Respectfully submitted,

        MICHAEL SHERWIN
        Acting United States Attorney


        By: _____/s/ April N. Russo_____
        April N. Russo
        Assistant U.S. Attorney
        PA Bar: 313475
        U.S. Attorney's Office for the District of Columbia
        555 Fourth Street NW, Fourth Floor
        Washington, DC 20530

Date: November 17, 2020